1  SHARTSIS FRIESE LLP
   JAMES P. MARTIN (Bar #170044)
2  ERICK C. HOWARD (Bar #214107)
   One Maritime Plaza, Eighteenth Floor
3  San Francisco, CA  94111
   Telephone:  (415) 421-6500
4  Facsimile:  (415) 421-2922
   Email:  jmartin@sflaw.com; ehoward@sflaw.com
5
   Attorneys for Plaintiffs
6  KN, Ltd. and SAN FRANCISCO NETWORK

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 | KN, Ltd. and SAN FRANCISCO NETWORK, | Case No.  C06 4189 CRB
13 |                                     | **STIPULATION RE: ~~PROPOSED~~ PROTECTIVE ORDER**
14 | Plaintiffs,                         |
15 | v.                                  |
16 | J.D. FINE & COMPANY, a California corporation, JAMIE FINEGOLD, an individual, and MERVYN'S, LLC, a California limited liability company, | Complaint Filed:  July 6, 2006
   |                                     | Judge:  Hon. Charles R. Breyer
17 |                                     | Location:  Courtroom 8, 19th Floor
18 | Defendants.                         |

19

20      The parties stipulate, subject to the approval of the Court and pursuant to Federal Rule of
21 Civil Procedure 26(c), that the following provisions shall govern the production and handling of
22 documents, answers, responses, depositions, pleadings, exhibits, and all other information
23 exchanged by the parties throughout the proceedings in this action.

24      1.     Any confidential information produced by any party or non-party as part of
25 discovery in this action may be designated by the producing party as "Confidential" or
26 "Confidential - Attorneys' Eyes Only."  As a general guideline, a document or portion thereof
27 should be designated "Confidential" when it contains confidential, technical or other information
28 that may be reviewed by the receiving party's designated representatives and technical experts but

1  must be protected against disclosure to third parties. A document should be designated
2  "Confidential - Attorneys' Eyes Only" when it contains secrets or confidential business
3  information such as marketing strategy, sales, costs, profits, production, pricing or customer
4  relations which would put the producing person or entity at a competitive disadvantage if the
5  information became known to employees of the receiving party or other third parties. By
6  designating a document or other information as "Confidential" or "Confidential — Attorneys'
7  Eyes Only," counsel for the producing party are certifying under Rule 11 their good faith belief,
8  after reasonable investigation, that the designation is proper under the standards applicable to
9  obtaining such a protective order by way of motion.

10  2.  Information designated "Confidential" or "Confidential - Attorneys' Eyes Only"
11  may be used only in connection with this action, and not for any other purpose. Further, such
12  information may not be disclosed to anyone except as provided in this Order.

13  3.  (a)  Any party or non-party wishing to come within the provisions of this Order
14  may designate in writing the documents (as defined in Federal Rule of Civil Procedure 34 and
15  Federal Rule of Evidence 1001), interrogatory answers, responses to requests for admission, any
16  other written discovery response or disclosure, or any portions thereof which it considers
17  confidential at the time the documents, answers, or responses are produced. Each page of the
18  document must be marked "Confidential" or "Confidential - Attorneys' Eyes Only" by the
19  producing party.

20  (b)  In the instance of deposition testimony, the witness under deposition and/or
21  his or her counsel shall invoke the provisions of this Order in a timely manner and designate the
22  level of confidentiality during the deposition. Parties shall be excluded only from testimony
23  designated "Confidential - Attorneys' Eyes Only" (except parties which fall under paragraph 5
24  below). The witness under deposition and/or his or her counsel also shall have the right, within
25  fifteen (15) days of receiving a transcript of the deposition, to designate or change the level of
26  confidentiality of the transcript or portion thereof. Nothing herein shall prohibit counsel from
27  communicating the general substance of deposition testimony to the client for purposes of case
28  management, deposition preparation, trial or settlement, provided that any designation of

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

particular deposition testimony as "Confidential" or "Confidential - Attorneys' Eyes Only" is respected.

4. Any documents stamped "Confidential," as well as any copies or excerpts thereof or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record, in-house counsel, and outside counsel for the receiving party and their employees participating in the prosecution or defense of this action;

(b) The United States District Court for the Northern District of California, including all of its legal and clerical personnel, or any judicial body before which an action is subsequently pending ("the Court");

(c) Representatives of the parties to this action who are actively involved in assisting counsel in this action;

(d) Independent experts or consultants not associated directly or indirectly with a party;

(e) Outside stenographic court reporters and language translators as reasonably necessary;

(f) A deponent or other witness who authored, received, or saw the document or who is otherwise familiar with the document.

5. Any documents stamped "Confidential - Attorneys' Eyes Only," as well as any copies or excerpts thereof or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record, in-house counsel, and outside counsel for the receiving party and their employees participating in the prosecution or defense of an action;

(b) The United States District Court for the Northern District of California, including all of its legal and clerical personnel, or any judicial body before which this action is subsequently pending ("the Court");

(c) Independent experts or consultants not associated directly or indirectly with a party;

(d) Outside stenographic court reporters and language translators as reasonably

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  necessary;

2          (e)    A deponent or other witness who authored, received, or saw the document
3  or who is otherwise familiar with the document.

4      6.    The party shall be responsible for any violation of this order by persons whom it
5  gave access to the documents or information.  The party may bind persons to the provisions of
6  this stipulated protective order through their execution of Exhibit A, attached here.

7      7.    The restrictions set forth in this Order will not apply to information which is
8  known to the receiving party or the public before the date of its transmission to the receiving
9  party, or which becomes known to the public after the date of its transmission to the receiving
10 party, provided that such information does not become publicly known by any act or omission of
11 the receiving party, its employees or agents where such conduct would otherwise be a breach of
12 this Order.

13     8.    Nothing in this Order shall preclude any party herein, their attorneys or any other
14 person from disclosing or using, in any manner or for any purpose, any information or documents
15 not obtained in discovery in this proceeding, if such information is lawfully obtained from a third
16 party, even though the same information or documents may have been produced in discovery in
17 this action and designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

18     9.    Nothing in this Order shall preclude any party herein or their attorneys (a) from
19 showing a document designated as "Confidential" or "Confidential - Attorneys' Eyes Only" to an
20 individual who prepared or reviewed the document prior to the filing of this action, or (b) from
21 disclosing or using, in any manner or for any purpose, any documents or information from the
22 party's own files which the party itself has designated as "Confidential" or "Confidential -
23 Attorneys' Eyes Only."

24     10.    Any document or evidence filed with or otherwise submitted to the Court which is
25 designated as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be submitted in an 8-
26 1/2 inch by 11 inch sealed envelope or other suitable container. The submitting party must affix a
27 cover sheet to the document and to its envelope or container which must: (1) set out the
28 information required by Northern District Civil L. R. 3-4(a) and (b); (2) set forth the name,

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

1  address and telephone number of the submitting party; (3) if filed pursuant to a previous Court order, state the date and name of the Judge ordering the matter filed under seal and attach a copy of the order; if filed pursuant to statute or rule, state the authorizing statute or rule and good cause for filing the submitted matter under seal; or (4) if lodged concurrently with a motion to file under seal, state "lodged concurrently with motion to file under seal"; and (5) prominently display the notation: "DOCUMENT FILED UNDER SEAL."  The party who made the confidentiality designation may join the request for sealing such materials filed by the other party.  If a party does not believe material is confidential or should be sealed, it will follow the process set forth in Paragraph 13.

11. If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's "Confidential" or "Confidential -Attorneys' Eyes Only" information, any such information disclosed by the third party and designated "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the provisions of this Order will be accorded the same protection as the parties' "Confidential" or "Confidential - Attorneys' Eyes Only" information, and will be subject to the same procedures as those governing disclosure of the parties' "Confidential" or "Confidential - Attorneys' Eyes Only" information pursuant to this Order.

12. If, through inadvertence, a producing party discloses information or documents that it believes should have been designated as "Confidential" or "Confidential - Attorneys' Eyes Only," it may subsequently designate such information or documents as belonging to the appropriate category.  After such designation is made, all receiving parties shall treat the information or documents accordingly.  If the documents or information have been disclosed by the receiving party prior to the designation, the receiving party shall notify the producing party and shall also make a good faith effort to have the documents and/or information returned.

13. If, at any time during the preparation for trial or during the trial of this action, the receiving party claims that the producing party or a non-party has unreasonably designated certain information as "Confidential" or "Confidential - Attorneys' Eyes Only," or believes that it is necessary to disclose designated information to persons other than those permitted by this Order,

1  the receiving party must notify the producing party (and the non-party, if applicable) in writing
2  that the receiving party objects to the "Confidential" or "Confidential - Attorneys' Eyes Only"
3  designation and the reasons therefor.  Within five (5) business days of such notification, the
4  parties shall meet and confer in an attempt to resolve the receiving party's objection to the
5  designation.  If that attempt at resolution fails, the producing party may seek relief from the Court
6  within five (5) business days of the parties' meet and confer.  No information may be disclosed
7  while there is an outstanding objection unless the producing party fails to file a motion for relief
8  with the Court within five (5) business days of the meet and confer.  The burden will be on the
9  producing party to show good cause as to why the information should remain "Confidential" or
10 "Confidential - Attorneys' Eyes Only."

11      14.    This Order shall be without prejudice to the right of any party to oppose
12 production of any information on grounds other than confidentiality.

13      15.    This Order shall not prevent the parties from applying to the Court for relief
14 therefrom, or from applying to the Court for further or additional protective orders, or from
15 agreeing among themselves to waive this Order in part or whole as to particular designated
16 information or to modify or vacate this Order.

17      16.    Upon final termination of this action (including any appeals), each party shall
18 assemble and return all designated materials, including copies, to the person(s) and entity(ies)
19 from whom the material was obtained.  The attorney of record may retain one (1) copy of the
20 designated information attached to any pleading filed with the Court or marked as an exhibit to a
21 deposition, or which is part of deposition testimony.

22      17.    Any court with jurisdiction over this action shall retain such jurisdiction with
23 respect to this Order for purposes of enforcing its terms and conditions and to enable any party
24 herein affected to apply for such order and further orders concerning the subject of this Order as
25 may be necessary or appropriate.  Each person or entity which receives or produces any
26 designated information hereby agrees to subject itself to the jurisdiction of such court for the
27 purpose of any proceedings relating to the performance under, compliance with, or violation of
28 this Order.

| | | |
|---|---|---|
| DATED: | May 8, 2007 | SHARTSIS FRIESE LLP |

By: */s/ Erick C. Howard*
                ERICK C. HOWARD

Attorneys for Plaintiff
KN, LTD.

| | | |
|---|---|---|
| DATED: | May 8, 2007 | SHARTSIS FRIESE LLP |

By: */s/ Richard Darwin*
                RICHARD DARWIN

Attorneys for Defendants
J.D. FINE & COMPANY, JAMIE FINEGOLD, and MERVYN'S, LLC

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 7 -

Case No. C06 4189 CRB     STIPULATION RE: PROTECTIVE ORDER

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

3   DATE:  May 9, 2007

    HON. CHARLES R. BREYER
    U.S. DISTRICT JUDGE



- 8 -

Case No.  C06 4189 CRB    STIPULATION RE: PROTECTIVE ORDER

# **EXHIBIT A**

## **CERTIFICATION**

I, _____, declare under penalty of perjury pursuant to the laws of the United States of America: that I am employed by _____ in the capacity of _____; that I am not currently and have not within the past two (2) years been an employee of any party to this action; that I have read a copy of the Stipulated Protective Order entered in this case on _____; that I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated as confidential information; that I agree not to disclose any such confidential information to any person not entitled to receive disclosure of the same under the provisions of Stipulated Protective order; that I agree to use any such confidential information solely for the purposes appropriate to my participation in this case; that I agree to be subject to the jurisdiction of the United States District Court for the Northern District of California for purposes of any proceedings related to the performance under, compliance with, or violation of said Stipulated Protective Order; and that I agree to be bound and abide by said Stipulated Protective Order in every respect.

Dated: _____        _____
                                          Signature

5981\004\NBIGLEY\1433878.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 9 -
Case No. C06 4189 CRB    STIPULATION RE: PROTECTIVE ORDER